IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

    v.                Case No. 2:08-cr-20039

MIKLOS A. MOLNAR                                                 DEFENDANT

**SENTENCING MEMORANDUM**

    The Defendant, Miklos A. Molnar, was a police officer with the Van Buren Police Department and a member of the Drug Enforcement Task Force. Molnar occupied a position of community trust as a law enforcement officer. He was a senior sergeant in the police department and a narcotics supervisor, indicating a position of trust within law enforcement. Molnar utilized this position of trust as well as friendships within the Van Buren Police department to embezzle funds totaling $50,997 from 14 different seizures over a period of almost two years.

    Pursuant to the Guidelines, Molnar's presentence investigation report sets his base offense level at 6. The amount of loss raises the offense level by six points to level 12. *See* U.S.S.G. § 2B1.1(b)(1)(D). A further two level increase for abuse of a position of trust is also appropriate, raising the offense level to 14. *See* U.S.S.G. § 3B1.3. The Court sustains the defense objection to a two level increase for

violation of a prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines. *See* U.S.S.G. § 2B1.1(b)(8)(C). Since the offense level is 14, the acceptance of responsibility reduces the total offense level by two point to 12. *See* U.S.S.G. § 3E1.1. Molnar's criminal history category is I as he has no criminal convictions. According to these figures, the Guidelines recommend, suggest, and advise a sentence of 10 to 16 months imprisonment. These guidelines are only advisory. *See Gall v. United States*, 128 S.Ct. 586. The statutory maximum is 10 years.

The first sentencing factor the Court must consider under 18 U.S.C. § 3553(a) is "[t]he nature and circumstances of the offense and the history and characteristics of the defendant." The Court must also consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). The Court finds that consideration of these factors in particular causes Molnar's case to fall outside the sentencing range contemplated by the guidelines. The sentencing guidelines application notes for § 3B1.3 provide several examples of theft-related situations where the enhancement for position of trust is appropriate: an attorney acting as a guardian who is embezzling client funds, a bank executive's fraudulent loan scheme, and a postal service

employee stealing mail.

In Molnar's case, the guideline computations concerning abuse of trust are insufficient to adequately address the severity of the nature and circumstances of Molnar's offense. The Guidelines calculation considers Molnar's position within his organization, but fails to consider the nature of the organization. Molnar's crime is a violation of the public trust that has caused and will continue to result in irreparable harm to law enforcement not only in Van Buren, but everywhere. There is a special obligation to do what is right for those employed in law enforcement, and it is an especially sad day when those charged with enforcement of laws are breaking the laws they are sworn to enforce. Law-breaking by a high-ranking police officer promotes disrespect for the law that must be addressed at sentencing.  Finally, the Court also notes the mitigating factors of Molnar's lack of criminal history, his acceptance of responsibility, his prompt payment of restitution, his family situation, his time as a police officer, and his current gainful employment.

In addition to Molnar's position when he stole the funds, the Court considers the nature of the converted funds relevant. According to both Chief Bell and Molnar, the seized money could have been used at some point to purchase drugs from drug dealers. Without question, Molnar's activities impaired access

3

to funds that ought to be relatively accessible. Not having the funds available could then have significantly impaired local drug prevention activities.

For these reasons, the Court imposes a sentence of sixty (60) months imprisonment, a $3,000 fine, two (2) years of supervised release, and the mandatory special assessment of $100.

IT IS SO ORDERED this 29th day of January, 2009.


/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge

AO72A
(Rev. 8/82)